IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES C. GARNER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation; AUTO INJURY SOLUTIONS, INC., a Delaware Corporation; WADI ABSI, M.D.; JIGNYASA DESAI, D.O.; BRIAN HOSELTON, D.C.; JACK DIMARCO, M.D.; DANIEL RAGONE, M.D.; and JANE/JOHN DOES A-Z,<br><br>　　　　Defendants. | CV 19–59–M–JCL<br><br>OPINION<br>& ORDER |

　　　　Plaintiff James Garner claims that Defendant USAA General Indemnity Company, at the direction of Defendants Auto Injury Solutions and certain individual doctors ("the AIS Defendants"), wrongfully denied his claim for medical payment benefits under an auto insurance policy issued by USAA. The AIS Defendants seek dismissal of all claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Docs. 17, 19.) USAA seeks partial dismissal of Garner's First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). (Doc. 14.) All three motions are granted.

1

## BACKGROUND

On February 11, 2016, Garner was injured in a car wreck in Missoula, Montana. (Amend. Compl., Doc. 10 at ¶ 20.) At the time, Garner had first-party medical payments coverage under a policy with USAA. (*Id.*) Garner's treating physicians determined that Garner's medical care, including but not limited to a diskectomy and fusion performed by Dr. John Hammerstein at a cost of $53,000, were necessary and appropriate. (*Id.* at ¶ 24.) In February 2018, an adjuster for USAA determined that medical bills of $53,000 for the diskectomy and fusion were covered under the med pay portion of Garner's USAA policy and USAA would pay those bills. (*Id.* at ¶ 25.) Ultimately, however, Garner's claims for med pay coverage for those bills was denied. (*Id.* at ¶ 26.)

On February 12, 2019, Garner filed this action in the Montana Fourth Judicial District Court, Missoula County. (Doc. 1-1.) USAA removed the case to this Court on April 12, 2019, (Doc. 1), and the AIS Defendants immediately moved to dismiss for lack of personal jurisdiction, (Docs. 5, 7). In response, Garner filed an Amended Complaint, (Doc. 10), and the motions to dismiss were denied as moot, (Doc. 11). USAA then filed a partial answer, (Doc. 13), before the current motions to dismiss, (Docs. 14, 17, 19), were filed.

Garner's Amended Complaint alleges eight causes of action, including a request for declaratory judgment (Count I); breach of the implied covenant of good

faith and fair dealing (Count II); breach of fiduciary duty (Count III); aiding and abetting tortious conduct (Count IV); violation of Montana's Unfair Trade Practices Act ("UTPA") (Count V); violation of Montana's Consumer Protection Act (Count VI); additional violations of the UTPA (Count VII); and intentional interference with contract (Count VIII). (Doc. 10.) Some counts are directed at all the defendants, (*see* Counts V, VI), while others are directed at the AIS Defendants, (*see* Counts III, IV, VIII), or USAA (*see* Counts I, II, VII). (*See* Doc. 25 at 2.)

## ANALYSIS

I. **AIS Defendants**

The AIS Defendants seek dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal quotation marks omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 753 (2014)). Under

3

Montana law,

> [courts] first determine whether personal jurisdiction exists under M.R.Civ.P. 4(b)(1). Personal jurisdiction may exist under Rule 4(b)(1) in one of two ways: a party may be found within the state of Montana and subject to general jurisdiction, or the claim for relief may arise from any of the acts listed in Rule 4(b)(1)(A-G) and create specific jurisdiction for the purpose of litigating that particular claim. If personal jurisdiction exists under the first step of the test, [a court] then determine[s] whether the exercise of personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause. If personal jurisdiction does not exist under the first part of the test, further analysis under the second part of the test is unnecessary.

*Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 17 (Mont. 2015) (internal quotations and citation marks omitted).

Of note, in January 2019, District Judge Susan Watters concluded that this Court lacked personal jurisdiction over AIS in a similar case, based on the findings and recommendation of United States Magistrate Judge Timothy Cavan. *See Lorentz v. Garrison Prop. & Cas. Ins. Co.*, CV 18-82-BLG-SPW Docs. 19, 22 (D. Mont. Jan. 23, 2019).

### A. General Jurisdiction

"General jurisdiction exists where the defendant's affiliations with the state are so continuous and systematic as to render the defendant essentially at home in the forum state and, as such, subject to suit on any and all claims against it, even causes of action that arise from dealings entirely distinct from the defendant's activities within the state." *Tackett v. Duncan*, 334 P.3d 920, 925 (Mont. 2014)

(internal quotation marks omitted). Garner does not argue—nor do the facts support—a finding of general jurisdiction.

AIS is a Delaware corporation with its principal place of business in Chicago, Illinois. (Senftle Decl., Doc. 18-2 at ¶ 2.) AIS works as an independent contractor and vendor, providing medical bill review services to automobile insurance companies like USAA. (*Id.* at ¶ 3.) AIS does not transact any business or advertise in Montana, has never sold any goods or services in Montana, nor does it have a physical presence in Montana. (*Id.* at ¶¶ 4, 5.) AIS has insufficient contacts with Montana to support a finding of general jurisdiction. *See Milky Whey*, 342 P.3d at 17 (finding no general jurisdiction where "Dairy Partners never physically entered Montana and has not purchased or sold any product in Montana").

Similarly, the individual named doctors live and work outside of Montana and none of them are licensed to practice medicine in Montana, advertise in Montana, or sell any goods or services in Montana. Dr. Absi, lives and works in Georgia. (Doc. 20-2.) Dr. Desai, Dr. DiMarco, and Dr. Ragone live and work in New Jersey. (Docs. 20-3, 20-5, 20-6.) Dr. Hoselton lives and works in Missouri. (Docs. 20-4.) All of their work was performed in their respective home states and submitted to AIS, which is found in Chicago. AIS then submitted documentation to USAA in Texas. None of the doctors examined Garner personally. The

5

individual doctors are not "found within" Montana as to support a finding of general jurisdiction.

### B. Specific Jurisdiction

In the absence of general jurisdiction, Garner must show specific jurisdiction exists based on one of the enumerated actions under Montana Rule 4(b)(1). "'Specific' or 'case-linked' jurisdiction depends on an affiliation between the forum and the underlying controversy, principally an activity or occurrence that takes place in the forum state and is therefore subject to the state's regulation." *Tackett*, 334 P.3d at 925. Specifically, a person may be subject to Montana's jurisdiction for a claim arising from the following acts:

> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
> (G) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1). Here, Garner asserts that the AIS Defendants are subject to specific jurisdiction because they committed a tort (B) and functioned as an insurer (D) in Montana. Garner's arguments are unpersuasive.

6

### 1. Purposeful Direction Test/"Effects" Test

As a preliminary matter, Garner primarily argues that jurisdiction exists under the "effects" test outlined in *Montana Silversmiths, Inc. v. Taylor Brands, LLC*. *See* 850 F. Supp. 2d 1172, 1181 (D. Mont. 2012). That test roughly states that "minimum contacts" exist for jurisdiction if the defendant takes an intentional action directed at the forum state that then causes injury in the forum state. *Id.* However, the considerations at issue in the "effects" test are those of constitutional due process, *not* a means of establishing personal jurisdiction under Montana's long-arm statute. In Montana, one of the enumerated specific acts under Rule 4(b)(1)(A)–(G) must be met *before* turning to the due process analysis. *Milky Whey, Inc., LLC*, 342 P.3d at 17, 21.

### 2. Tort

In analyzing accrual of a tort claim, courts should "focus[] on where the events giving rise to the tort claims occurred, rather than where the plaintiffs allegedly experienced or learned of their injuries." *Tackett*, 334 P.3d at 928. "A tort does not accrue in Montana when all acts giving rise to the claims occur in another state." *Milky Whey*, 342 P.3d at 18. Further, mere injury to a Montana resident is not a sufficient connection to the forum. *Tackett*, 334 P.3d at 929. Garner argues that it is improper to read *Milky Whey* and *Tackett* so narrowly, but rather the focus should be on where the effects of the AIS Defendants' actions

7

were felt, i.e., Montana. In so arguing, Garner relies on the recent Montana Supreme Court decision that rejected Ford Motor Company's "selective[] quotations" in a case involving claims of design defect, failure to warn, and negligence arising out of a car accident. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, ___ P.3d ___, 2019 WL 2184861, at *3 n.1 (Mont. May 21, 2019). However, in *Ford*, the Explorer was being driven in Montana at the time the accident occurred. *Id.* That is not comparable to the situation here. Here, AIS was contracted by USAA to process medical bills and access doctors for independent utilization review. None of this work occurred in Montana. The only contact between the AIS Defendants and Montana is Garner himself, and that is not sufficient to confer jurisdiction. *Picot*, 780 F.3d at 1214.

### 3. Insurer

In his Amended Complaint, Garner further asserts that personal jurisdiction exists because AIS was "functioning as an insurer in Montana." (Doc. 10 at ¶ 14.) Garner claims "in practice, the AIS defendants acted as the insurer in this matter in that they exercised ultimate authority to pay or deny [his] claims for med pay coverage." (*Id.* at ¶ 16.) Garner's briefing is a bit more nuanced, arguing that the AIS Defendants should be considered "insurers" under Rule 4(b)(1)(D) because they were acting as agents of USAA. Garner's position is not persuasive.

AIS is not an insurance company, it does not write or sell insurance, and it

8

does not have a license or authority to insure Montana residents. Garner was not insured by AIS and did not have a policy with AIS. *See* Mont. Code Ann. §33–1–201(6) (defining "insurer" to include persons "in the business of entering into contracts of insurance"). More importantly though, Garner in response to USAA's motion to dismiss explicitly states: "The AIS Defendants are not insurers, and their activities are not permitted under law administered by the state auditor." (Doc. 25 at 10.) Further, Garner fails to present facts that give rise to an agency relationship insofar as the AIS Defendants were "contracting to insure any person, property, or risk located within Montana at the time of contracting." Mont. R. Civ. P. 4(b)(1)(D).

### C. Due Process

Because Garner has failed to show the existence of either general or specific jurisdiction over the AIS Defendants, the Court need not perform a due process analysis. *Milky Whey, Inc.*, *LLC*, 342 P.3d at 17, 21.

The AIS Defendants' motions to dismiss for lack of personal jurisdiction (Docs. 17, 19) are granted.

## II. USAA

USAA seeks to dismiss those parts of Garner's Amended Complaint that it argues exceed the boundaries of the UTPA. As mentioned above, Counts III, IV, and VIII apply only to the AIS Defendants. (*See* Doc. 25 at 2.) Garner further

stipulates to the dismissal of Count II and Count VI.[1] (*Id.* at 3.) Thus, the only remaining counts are Count I (declaratory judgment) and Counts V and VII (UTPA). USAA does not seek to dismiss Count V in the present motion. USAA's motion is granted on Counts I and VII, but Garner will have the opportunity to amend his complaint as to Count I.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A successful 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).

The UTPA governs all claims brought by "[a]n insured who has suffered damages as a result of the handling of an insurance claim." Mont. Code Ann. § 33−18−242(3). Under this provision, an insured "may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section,

---

[1] While Garner does not concede Count VI as to the AIS Defendants, his argument has been mooted by their dismissal above.

but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim." *Id.*

### A. Count I

USAA seeks to dismiss Garner's claim for declaratory judgment on the grounds that this type of remedy is not available under the UTPA and, alternatively, because resolution of this claim would improperly require the resolution of disputed facts. In response, Garner argues that Count I is based on a claim for breach of contract, which is explicitly provided for in the UTPA, *see* § 33–18–242(3). Contrary to Garner's characterization, Count I is explicitly pled as a declaratory action, referencing Montana's Uniform Declaratory Judgments Act. (*See* Doc. 10 at ¶ 34 (citing MCA § 27–8–101).) This type of relief is not permitted under the UPTA. *See Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 423 F. App'x 763, 766 (9th Cir. 2011). However, Garner's briefing indicates that he may be able to plead a viable breach of contract claim requesting monetary damages. *See id.* (remanding to determine whether actionable claim possible). As a result, Count I is dismissed, but without prejudice.

### B. Count VII

While Garner's UTPA counts are not duplicative, USAA is correct that he cannot maintain his claim under Count VII. Count V alleges violations of the UTPA for the refusal to pay claims without conducting a reasonable investigation,

failing to affirm or deny coverage within a reasonable time, and failing to effectuate a prompt, good faith settlement. § 33–18–201(4), (5), and (6). Count VII, on the other hand, alleges the failure "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." § 33–18–201(2). But, subsection (2) is not an actionable provision of the UPTA. *See* § 33–18–242(1) (listing only (1), (4), (5), (6), (9), and (13) as creating independent causes of action); *Bateman*, 423 F. App'x at 766. Thus, Count VII is dismissed.

## CONCLUSION

Accordingly, IT IS ORDERED that the AIS Defendants' motions to dismiss (Docs. 17, 19) are GRANTED.

IT IS FURTHER ORDERED that USAA's motion to dismiss (Doc. 14) is GRANTED WITH PREJUDCE as to Counts II, VI, and VII and GRANTED WITHOUT PREJUDICE as to Count I. Garner may amend his complaint as to Count I on or before August 1, 2019.

DATED this 23rd day of July, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge