IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES C. GARNER,<br><br>Plaintiff,<br><br>vs.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation; and JANE/JOHN DOES A-Z,<br><br>Defendants. | CV 19-59-M-KLD<br><br>**ORDER** |

Plaintiff James Garner brought this action against his insured, USAA General Indemnity Company ("USAA"), alleging USAA wrongfully denied his claim for medical payment benefits under an auto insurance policy issued by USAA. In his Fourth Amended Complaint, Garner asserts two causes of action: breach of contract and violation of Montana's Unfair Trade Practices Act ("UTPA"). (Doc. 49.)

Presently before the Court is USAA's Motion for Extension of the Expert Disclosure Deadlines (Doc. 51), USAA's Motion to Compel Plaintiff's Discovery Responses (Doc. 53), and Garner's Motion in Objection to Timeliness and Sufficiency of Defendant's Expert Disclosure (Doc. 57).

Having considered the parties' submissions and arguments, the Court finds USAA's motions for Extension of the Expert Disclosure Deadlines and to Compel Plaintiff's Discovery Responses should be GRANTED. Garner's Motion in Objection should be DENIED.

I.  **Factual Background**

This case arises from injuries Garner sustained from an automobile accident on February 11, 2016. Garner had first-party medical payments ("MedPay") coverage under a policy issued by USAA. USAA reimbursed some of Garner's medical expenses under the policy, but ultimately denied Garner's claims for MedPay coverage related to a discectomy and fusion surgery. USAA's refusal to continue paying Garner's medical expenses led him to file this action.

On February 12, 2019, Garner filed this action in Montana state court. (Doc. 1-1). USAA removed the case to this Court on April 12, 2019. (Doc. 1.) The Court entered a Scheduling Order on July 22, 2019, setting deadlines for the disposition of this case. The Scheduling Order established a deadline of January 20, 2020 for disclosure of liability experts, and a deadline of February 19, 2020 for disclosure of Defendant's damages experts. Discovery is ongoing and is set to close on April 20, 2020.

## II. USAA's Motion for Extension of Its Expert Disclosure Deadlines and Garner's Motion in Objection to Timeliness and Sufficiency of Defendant's Expert Disclosure

USAA did not disclose any experts on the deadline for disclosing liability experts. Instead, USAA filed the instant motion requesting a two-month extension of the expert disclosure deadlines established in the Scheduling Order. USAA alleges Garner's delay and refusal to produce relevant information requested in discovery has led USAA to need additional time to obtain the information and prepare its expert disclosures. (Doc. 51.) USAA requests the deadline for disclosing its liability experts be extended to March 20, 2020 and the disclosure of its damages experts be extended to April 10, 2020.

Garner opposes the motion, arguing USAA was not diligent in filing its motion and, because Garner timely served its liability expert disclosure, allowing USAA additional time to disclose its experts would be unfairly prejudicial. (Doc. 56.) Garner submits identical arguments in his motion in objection to USAA's timeliness and sufficiency of its expert disclosure. (Docs. 62, 63.) The Court will therefore dispose of both motions under the same analysis.

Pursuant to Federal Rule of Civil Procedure 16(b), a court may modify a scheduling order upon a showing of good cause. Fed.R.Civ.P.16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit explained that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the [moving] party[.]" Good cause to modify the scheduling order exists if the pretrial deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d. at 609 (quoting Fed.R.Civ.P.16 Advisory Committee's Notes (1983 Amendment)).

Prejudice to the opposing party may provide an additional reason to deny a motion to modify the scheduling order, but "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d. at 609. "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d. at 609; *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (finding the plaintiff had no good reason for failing to identify experts by the deadline established in the court's scheduling order).

Courts also consider Rule 37(c)(1) in concert with Rule 16 when determining whether an extension of the expert deadline should be granted. *See*, *Wong*, 410 F.3d at 1062, *Ratcliff v. City of Red Lodge*, 2013 WL 5817210, *2 (D. Mont. Oct. 29, 2013) (relying on *Wong*); *McCann v. Cullinan*, 2015 WL 4254226, *12-13 (N.D. Ill. July 14, 2015) (discussing the interplay of Rule 16 and Rule 37). Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26, the party cannot use the witness, absent substantial justification or lack of

harm. Rule 26 in turn requires a party to disclose experts "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).

In *Wong*, the Ninth Circuit analyzed the joint application of Rules 16(b) and 37(c)(1) to a late disclosure of an expert witness. The court first applied Rule 16's good cause standard and asked whether a good reason existed to permit the late identification of an expert. *Wong*, 410 F.3d at 1060. The court next applied Rule 37(c)(1) to determine whether the party's failure to comply with the deadline was harmless or substantially justified. *Wong*, 410 F.3d at 1060. Because the court had already found no good cause existed under Rule 16, the court also found the party's failure to comply with the deadline was not substantially justified. The outcome thus rested on whether allowing the late disclosure of experts would be harmless. Finding that allowing late disclosures would disrupt the scheduling order, the Ninth Circuit found late identification was not harmless. *Wong*, 410 F.3d at 1060.

As noted above, USAA seeks an extension to disclose its experts because it contends Garner has refused to produce discovery. USAA argues Garner has not produced his medical records in response to its discovery requests which were served in August 2019. Because discovery regarding Garner's medical condition is necessary for its expert disclosures, USAA explains it has no option but to seek an extension of the disclosure deadline.

Although USAA could have filed its motion earlier than the date the disclosures were due, it has demonstrated that it has been diligent in seeking discovery allowing it to prepare for expert disclosures. USAA served discovery requests on Garner in August 2019, including 18 interrogatories, 16 requests for production, and 7 requests for admission. One month later, Garner served responses to the requests for admission only. (Doc. 52-1.) The parties then agreed to a 30-day extension by which Garner would respond to USAA's other requests. USAA again failed to serve the responses on time. Thereafter, USAA sent Garner correspondence requesting the responses by November 12th. This time, Garner obliged and produced the responses. (Doc. 52-2.) However, USAA argues they were deficient because they wholly failed to produce any of Garner's medical records, did not provide HIPPA authorization for USAA to collect the records itself, and directed USAA to the insurance claim file for all relevant records.

USAA also explains that it has served subpoenas to some of Plaintiff's medical providers so that it can obtain some of the medical records that were requested in discovery. Once it obtains these documents, it will be able to consult with experts. However, USAA contends this has been a challenging process as it has had to attempt to identify Plaintiff's pre-accident medical providers without complete responses to the discovery requests it served on Garner. Additionally, it appears USAA and Garner were attempting to informally agree on an extension of

the liability expert deadline, but ultimately were unable to do so. (Doc. 56-5 at 1, 2.) This further evidence's USAA's diligence. Finally, the Court notes that USAA did not wait a few days or weeks after the deadline passed to file its motion. Rather, it filed its motion before close of business on the deadline. *See* Fed.R.Civ.P. 6 (for electronic filing, the day ends at midnight).

The Court also finds extending the deadline to allow USAA to disclose its experts is harmless under rule 37(c)(1). First, allowing the late disclosure will not unduly disrupt the Court's schedule for disposition of this matter. Discovery is not set to close until April 20, 2020, and USAA has subpoenaed some of Garner's medical providers to assist in expert consultation and disclosure. Second, USAA will not gain an unfair advantage from an extended deadline for disclosures.

The only argument Garner makes with respect to prejudice is that USAA unfairly waited until after it had his expert disclosures to file its motion for an extension of the deadlines. (Doc. 56 at 10.) Although Garner argues USAA's conduct is inherently prejudicial, he fails to articulate how USAA's review of his disclosures will give USAA an unfair advantage. The Court is unpersuaded by Garner's argument. This Court has previously found that, without more, prejudice does not exist simply because one party disclosed an expert report after reviewing the other party's disclosure. *Ratcliff*, 2013 WL 5817210, *3. Additionally, Garner was aware that USAA was planning to file its motion to extend the expert

disclosures deadline if the parties could not come to an informal agreement. (Doc. 56-5, at 1.) As previously noted, although USAA could have filed its motion earlier in the day, Garner was aware USAA intended to file its motion and could have simply reached out to USAA to confirm its intention to do so before disclosing its experts.

Finally, Garner argues that the medical records USAA is requesting through discovery are irrelevant and precluded by the "no-hindsight" rule. (Doc. 56, at 13.) Because this bad faith case requires a determination of reasonableness based on USAA's conduct at the time of Garner's claim denial, Garner argues many of the documents USAA is seeking (pre-accident medical records, notes, and diagnostic images) are irrelevant since they were not records USAA considered at the time it denied coverage. Garner's argument is better suited for analysis in the Court's disposition of USAA's Motion to Compel Plaintiff's Discovery Responses. (Doc. 53.) Garner's "no-hindsight" rule argument does not lend support to the Court's analysis of USAA's diligence or the prejudicial nature of delayed expert disclosures.

After considering the parties' arguments and for the reasons set forth above, USAA's Motion for Extension of the Expert Disclosure Deadlines (Doc. 51) is GRANTED and Garner's Motion in Objection is DENIED. The extended deadlines USAA requested have either expired or are rapidly approaching.

Accordingly, the Court will conduct a telephonic status conference to reset the deadlines in this case. Instructions for participating in the status conference are set forth in the conclusion of this Order.

### III. USAA's Motion to Compel

USAA moves for an order compelling Garner to provide complete responses to USAA's first set of interrogatories, requests for production, and requests for admission. (Doc. 53.) Specifically, the information USAA seeks involves medical records containing information about Garner's pre-accident medical condition. USAA also argues Garner's objections to its requests for production and interrogatories are waived due to untimeliness. Garner objects to USAA's motion on the grounds that Montana's "no hindsight" rule precludes USAA from discovering medical records it did not possess when it denied Garner insurance coverage. (Doc. 59.)

The Court has broad discretion to manage discovery. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A litigant is generally entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). Additionally, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). When one party fails to disclose information requested through discovery, the opposing party may move to compel the production of the

requested materials. Fed.R.Civ.P. 37(a)(1). Accordingly, a failure to respond to interrogatories, requests for production, and requests for admission, or incomplete/evasive responses, are sufficient grounds for obtaining an order compelling production of discovery. Fed.R.Civ.P. 37(a)(3)(B), (4).

### A. Timeliness of Objections

USAA argues that Garner has waived any objection to its discovery requests by failing to respond by the extended deadline. Garner failed to respond to USAA's interrogatories and requests for production by the extended deadline of October 21, 2019. Thereafter, USAA notified Garner of his failure and to respond by the deadline and requested the responses by November 12, 2019. (Doc. 52-1.) On November 12, 2019 Garner served its responses to USAA. (Doc. 54-3.) In his response brief, Garner does not dispute USAA's argument that he waived his objections by not responding to USAA's requests by the extended deadline. (Doc. 59.)

Pursuant to Local Rule 26.3(a)(4), any ground for objecting to interrogatories or requests for production of documents "within the time to which the parties have agreed, constitutes a waiver of any objection." Additionally, the Ninth Circuit recognizes "that a failure to object to discovery requests within the time frame required constitutes a waiver of any objection." *Richmark Corp. v.*

*Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *See also Usrey v. Deyott*, 2013 WL 2561591, *1 (D. Mont. Jun. 11, 2013).

Garner has not provided the Court with any explanation for his delay in providing responses to USAA's interrogatories and requests for production. As such, he has failed to establish good cause for his untimeliness. Garner's objections to USAA's interrogatories and requests for production are therefore waived.

### B. "No Hindsight" Rule

The gravamen of this discovery dispute is the applicability of the "no-hindsight" rule to Garner's pre-accident medical records. USAA contends Garner's pre-accident medical records are highly relevant because they include information about Garner's medical condition and treatment history. Because Garner has filed a breach of contract claim against USAA, and USAA disputes that any additional benefits are owed based on evidence that Plaintiff has a history of chronic back and neck pain, USAA argues it is entitled to discovery on Garner's pre-accident conditions. In response, Garner argues the "no hindsight" rule applies and limits USAA to the records it possessed when it denied Garner coverage.

In *EOTT Energy Operating Ltd.*, 59 F.Supp.2d 1072, 1075-6 (D. Mont. 1999) this District adopted the "no hindsight" rule. The Montana Supreme Court subsequently ratified the adoption of the rule in *Peterson v. Doctors' Co.*, 170 P.3d 459, 467 (Mont. 2007). In a UTPA action, the rule limits the evidence used to

determine the reasonableness of the insurer's conduct to "only those facts known to [the insurer] at the time they made their decision to deny coverage." *EOTT*, 59 F.Supp.2d at 1075-6. Considering this rule, Garner argues it should not have to gather and produce additional documents which USAA did not rely upon when it denied his claims.

The Court agrees with Garner that, in defending the UTPA claim, the "no hindsight" rule precludes USAA from presenting pre-accident evidence to establish that it reasonably denied coverage. *See Hart v. Mt. W. Farm Bureau Mut. Ins. Co.*, 2019 WL 7020147, *3 (D. Mont. Dec. 20, 2019) (granting plaintiff's motion in limine to preclude insurer from using post-denial evidence to establish the reasonableness of that denial) and *McCluskey v. Allstate Ins. Co.*, 2006 WL 6853110, *5 (D. Mont. Feb. 10, 2006) (citing *EEOT* and acknowledging that precluding evidence not known to the insurer at the time it handled the claim is proper in regard to resolving a UTPA claim); *LeBrun v. Farmers Alliance Mut. Ins. Co.*, 2006 WL 8435689, *2 (D. Mont. Jan. 13, 2006) ("in defending a UTPA cause of action, an insurer may use only the facts known to it at the time it denied plaintiff's claim for benefits. It may not use after-acquired evidence or a hindsight analysis to demonstrate the reasonableness of its denial.").

Although USAA may be precluded from relying on pre-accident medical records in defending the UTPA claim, Garner does explain why he is not required

to produce pre-accident records as to the breach of contract claim. The law on this issue is clear; the "no hindsight" rule does not preclude USAA from discovering relevant pre-accident records regarding non-UTPA claims. *See*, *McCluskey*, 2006 WL 6853110, at *5 (pre-accident evidence "clearly is otherwise admissible with regard to Plaintiff's contractual coverage claim"); *Keller v. Nat'l Farmers Union Prop. & Cas. Co.*, 2013 WL 27731, *2 (D. Mont. Jan. 2, 2013) (acknowledging the "no hindsight" rule but finding "Plaintiffs have not asserted any claims under Montana's UTPA. Plaintiff's sole claim is for breach of contract[,]" and concluding that the plaintiff's pre-accident medical records are relevant to resolving the elements of that claim); *LeBrun*, 2006 WL 8435689, at *2 (finding *EOTT* and "no hindsight" rule do not "prevent defendant from raising during litigation of a breach of contract action coverage defenses it did not assert when it denied the claim.")

Here, Garner has asserted a breach of contract claim in addition to a UTPA claim. Like in *Keller*, Garner "will ultimately have to prove, among other things, that [his] alleged injuries were caused by the accident." *Keller*, 2013 WL 27731, at *2. Medical records predating Garner's automobile accident are therefore relevant to that issue and are thus discoverable by USAA. Additionally, Garner has not claimed discovery of the records requested would be unduly burdensome. Rather, he has solely relied on the "no hindsight" rule to excuse his refusal to produce the

discovery requested. (Doc. 59.) Accordingly, Garner should either produce the medical documents requested, as they are clearly relevant, or provide medical release authorizations allowing USAA to obtain the documentation itself.

Finally, the Court will briefly address Garner's argument that USAA failed to meaningfully meet and confer. Pursuant to Local Rule 26.3(c)(1), "the Court will deny any discovery motion unless the parties have conferred concerning the disputed issues before the motion is filed." This requirement can be satisfied "in detailed, comprehensive correspondence." L.R. 26.3(c)(1). USAA clearly satisfied its meet and confer obligation by sending Garner detailed and comprehensive correspondence regarding this dispute on three separate occasions. (Docs. 54-2, 54-4, 54-7.) The Court does agree with Garner, however, that a phone call, or a face to face meeting, is the best way to satisfy the meet and confer requirement. These methods need not be unilaterally employed to be effective, and often result in efficient dispute resolution.

## IV.    Conclusion

Based on the foregoing, IT IS HEREBY ORDERED:

(1)     USAA's Motion for Extension of the Expert Disclosure Deadlines (Doc. 51) is GRANTED;

(2) USAA's Motion to Compel Plaintiff's Discovery Responses (Doc. 53) is GRANTED; and

(3) Garner's Motion in Objection to Timeliness and Sufficiency of Defendant's Expert Disclosure (Doc. 57) is DENIED.

(4) A telephonic status conference shall be held on **March 2, 2020 at 2:00 p.m.** to reset the deadlines in this case. All counsel shall call 1-877-336-1839 at the designated time to participate in the scheduling conference. When prompted, enter the access code 7360693 followed by #.

**IT IS ORDERED.**

DATED this 30th day of March, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge