IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES C. GARNER,<br><br>   Plaintiff,<br><br> vs.<br><br>USAA GENERAL INDEMNITY COMPANY, a Texas Corporation; and JANE/JOHN DOES A-Z,<br><br>   Defendants. | CV-19-59-M-KLD<br><br><br>ORDER |

  Defendant USAA General Indemnity Company ("USAA") has filed a motion requesting the Court order Plaintiff James C. Garner ("Garner") to submit to a physical examination pursuant to Federal Rule of Civil Procedure 35(a). (Doc. 76.)

  Garner brought this statutory bad faith action pursuant to Montana's Unfair Trade Practices Act ("UTPA") in response to USAA's allegedly unlawful handling of his claims for MedPay coverage. Garner initially asserted multiple causes of action, including a breach of contract claim seeking damages in "the dollar amount of medical bills USAA wrongfully refused to pay." (Doc. 49 at 12.) However, the

1

Court's resolution of the pretrial motions in this matter has resulted in only one remaining claim – USAA's alleged violation of Montana's UTPA. (Doc. 79.)

USAA now requests Garner undergo a physical health examination so that it can adequately defend Garner's asserted damages for past medical expenses. (Doc. 76 at 2.) Garner responds that because his only remaining claim is for violation of the UTPA, he is not seeking damages for past medical expenses and his physical condition is not otherwise in controversy. Garner additionally argues USAA's proposed physician is unqualified to administer an examination and good cause does not support requiring an examination.

I.	Legal Standards

Federal Rule of Civil Procedure 35(a)(1) provides that upon a motion for good cause the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental evaluation by a suitably licensed or certified examiner."  The party requesting the examination has the burden to establish that "(1) the medical condition as to which the examination is sought is really and genuinely in controversy; and (2) that good cause exists for ordering each particular examination." *Daum v. Allstate Fire and Casualty Ins. Co.*, 2014 WL 12600126, *2 (D. Mont. Oct. 28, 2014) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). The Court must conduct a "discriminating application" to determine whether Rule 35's requirements have been met. *Schlagenhauf*, 379 U.S.

at 118. The movant must support its request with more than an assertion that an examination is relevant to the case. *Schlagenhauf*, 379 U.S. at 118.

## II. Discussion

USAA argues that it has met Rule 35's "in controversy" requirement because Garner put his physical condition in controversy by seeking damages under the UTPA for his past medical expenses. USAA cites to an allegation in Garner's Fifth Amended Complaint in support of its argument: "USAA's violations of [the UTPA] are the proximate cause and cause in fact of damages suffered by [Garner], including but not limited to the dollar amount of the medical bills USAA unlawfully refused to pay[.]" (Doc. 79 at ¶ 53.) USAA also asserts that it has met Rule 35's good cause requirement because it cannot adequately defend against the damages Garner seeks unless it evaluates the necessity of his past medical treatment. Specifically, USAA argues that it must evaluate Garner's physical condition to determine whether the medical expenses Garner seeks are related to the underlying accident or to his preexisting conditions. (Doc. 77 at 11-12.)

Garner responds that he has not placed his physical condition in controversy because his only remaining claim is based on USAA's alleged bad faith conduct in handling his MedPay claims. Garner additionally clarifies that he is "clearly and unequivocally disclaiming any claim for medical special damages consistent with

bad faith law." (Doc. 78 at 5.) Garner further explains that once he received USAA's current motion citing his previous damages sought, which included past medical expenses, he supplemented his discovery response to clarify that he is no longer seeking those damages. (Doc. 78 at 5 & Doc. 78-1 at 5.) USAA did not file a reply brief addressing Garner's disclaimer.

    USAA cites *Weddle v. Farmers Ins. Co.*, 2011 WL 5439200, (N.D. Okla. Nov. 9, 2011) to support its contention that Garner's physical condition is in controversy. (Doc. 77 at 9.) *Weddle* is readily distinguishable from the posture of this case. The plaintiff in *Weddle* asserted a breach of contract claim and a bad faith claim and sought to recover medical expenses as part of his damages. *Weddle*, 2011 WL 5439200, at *3. The court reasoned that "to recover medical expenses from defendant, [plaintiff] must show that any medical expenses are compensable under the parties' insurance contract and defendant is not required to take plaintiff's word that any medical bills he has submitted show that his injuries were caused by the . . . accident." *Weddle*, 2011 WL 5439200, at *3. The court concluded that the Rule 35 motion should be granted, in part because the plaintiff placed "the extent of his injuries at issue" by seeking to recover damages for his personal injuries under his breach of contract claim. *Weddle*, 2011 WL 5439200, at *4.

Here, Garner has unequivocally disclaimed any claim for medical special damages. Additionally, unlike *Weddle*, no breach of contract claim remains in this action. Because Garner has disclaimed recovery of his medical expenses as part of his damages, his medical condition is not genuinely in controversy. Garner will not have to "show that any medical expenses are compensable" under his insurance contract. *Weddle*, 2011 WL 5439200, at *3. Rather, Garner's remaining bad faith claim involves USAA's claims handling conduct and the evidence USAA possessed at the time it denied Garner's claims for benefits. A medical examination of Garner's physical condition at this point in litigation is irrelevant to the remaining claim and unnecessary to defend against Garner's asserted damages. *Schlagenhauf*, 379 U.S. at 121 ("sweeping examinations of a party who has not affirmatively put into issue his own . . . physical condition are not to be automatically ordered merely because the person has been involved in an accident"). Because Garner's physical condition is not genuinely in controversy, the Court does not reach Rule 35's good cause requirement.

The Court notes that although Garner is "clearly and unequivocally disclaiming any claim for medical special damages", he failed to remove language indicating otherwise from his Fifth Amended Complaint. *See* Doc. 78 at ¶ 53 ("USAA's [UTPA] violations are the proximate cause and cause in fact of damages suffered by [Garner], including but not limited to the dollar amount of the

medical bills USAA unlawfully refused to pay"). The Court recognizes this inconsistency as an oversight and accepts Garner's disclaimer of any claim for medical expense damages. Any attempt by Garner to pursue damages for past medical expenses will be prohibited.

### III. Conclusion

For the foregoing reasons, and in consideration of Rule 35's stringent requirements, **IT IS HEREBY ORDERED** that USAA's Motion for Rule 35 Examination (Doc. 76) is **DENIED**.

DATED this 22nd day of June, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge